IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHARLES CALHOUN, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | Case No. 7 : 08-CV-146 (HL) |
| | : | |
| RANDY BENTON, | : | |
| | : | |
| Defendant. | : | |

### RECOMMENDATION

The plaintiff filed this action in November 2008, raising claims of deliberate indifference during his 2008 confinement in the Colquitt County Jail.  Presently pending herein is the defendant's Motion for Summary Judgment, wherein he raises the plaintiff's alleged failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act. (Doc. 23). The plaintiff has failed to file a response to the defendant's motion.

### Background

While confined at the Colquitt County Jail on October 4, 2008, the plaintiff was in a physical altercation with another inmate.  Although the other inmate was taken to the hospital for treatment, the plaintiff was not, and he claims that this failure to provide medical treatment by defendant Benton, an officer on duty at the jail on the night in question, amounted to deliberate indifference to his serious medical needs.  Affidavits filed in support of the defendant's summary judgment motion state that the plaintiff filed an informal and a formal grievance regarding the incident, but failed to file an appeal of the denial of his grievances.

**Exhaustion of Administrative Remedies**

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff clearly failed to fully exhaust the administrative grievance system regarding the claims underlying this lawsuit. The plaintiff initiated the grievance process by filing both an informal and a formal grievance, but failed to file an appeal of the denial of relief. The court must conclude that plaintiff's claims remain unexhausted, therefore barring a § 1983 action based thereon. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

**Conclusion**

Accordingly, it is the recommendation of the undersigned that the defendant's motion be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties

may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of April, 2010.

                                       **S/ G. MALLON FAIRCLOTH**
                                       **UNITED STATES MAGISTRATE JUDGE**

asb